# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2235

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| Kenneth R. Burnett, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted:   October 4, 2001

Filed:   October 11, 2001

_____

Before WOLLMAN, Chief Judge, HANSEN, and MORRIS SHEPPARD ARNOLD,
Circuit Judges.

_____

PER CURIAM.

Kenneth R. Burnett challenges the sentence imposed by the district court[1] after
he pleaded guilty to conspiring to distribute methamphetamine, in violation of
21 U.S.C. §§ 841(a)(1) and 846.  Mr. Burnett's counsel has moved to withdraw and
filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the district
court erred in assessing criminal history points for two 1972 crime-of-violence

_____

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the
Western District of Missouri.

convictions, which (when combined with a prior state conviction for a crime of violence) qualified Mr. Burnett as a career offender under U.S.S.G. § 4B1.1. Mr. Burnett has not filed a pro se supplemental brief.

It is undisputed that in 1989 Mr. Burnett began serving additional time in prison on the 1972 federal offenses after he was released from custody on an intervening state assault conviction. We thus conclude that the district court properly determined Mr. Burnett's career-offender status, as his return to federal custody occurred within fifteen years of commencing the instant drug offense. See U.S.S.G. §§ 4A1.2(e) (counting any prior sentence of imprisonment exceeding 13 months, whenever imposed, that resulted in defendant being incarcerated during any part of 15-year period prior to commencement of instant offense), 4B1.2, comment. (n.4) (provisions of § 4A1.2 apply to counting of convictions under § 4B1.1).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues for appeal. Accordingly, we affirm and grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.